United States District Court
Southern District of Texas
**ENTERED**
September 03, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| T.L., Individually and a/n/f of J.T., a minor, | § § § | |
| Plaintiff, | § § | |
| v. | § | CIVIL ACTION NO. H-24-1435 |
| NEW CANEY INDEPENDENT SCHOOL DISTRICT, *et al.*, | § § § § | |
| Defendants, | § § § | |

**MEMORANDUM AND OPINION**

This case is brought on behalf of a seven year-old student in the New Caney Independent School District. The parent alleges that her son was denied a Free Appropriate Public Education (FAPE), in violation of the Individuals with Disabilities Education Act (IDEA). The defendants are the New Caney ISD, the Texas Education Agency, and Mike Morath, sued in his official capacity as the Commissioner of the Texas Education Agency. T.L. asserts additional claims against all the defendants for violations of the Americans with Disabilities Act, 42 U.S.C. § 12101, and the Rehabilitation Act of 1973 § 504, 29 U.S.C.A. § 794. T.L. also asserts claims against the Agency and Mr. Morath under § 1983. Mr. Morath and the Agency have moved to dismiss the § 1983 claims and have moved for a more definite statement as to the remaining claims. (Docket Entry No. 23). Mr. Morath and the Agency have also moved to stay discovery pending the resolution of their motion to dismiss the § 1983 claims based on qualified immunity and Eleventh Amendment immunity. (Docket Entry No. 24).

Mr. Morath and the Agency argue that immunity is a threshold issue that the court should decide before allowing discovery to proceed. (Docket Entry No. 24 at 4). Mr. Morath and the Agency also claim that the stay will not unduly prejudice the plaintiff but that proceeding with discovery before the immunity issues are resolved will be unduly burdensome for the defendants. (*Id.* at 7).

The Fifth Circuit has held that "when defendants assert qualified immunity in a motion to dismiss, the district court may not defer ruling on that assertion. It may not permit discovery—cabined or otherwise—against immunity-asserting defendants before it has determined plaintiffs have pleaded facts sufficient to overcome the defense." *Carswell v. Camp*, 54 F.4th 307 (5th Cir. 2022), *cert. denied*, 144 S. Ct. 73, 217 L. Ed. 2d 12 (2023) (internal quotations omitted). Under the circuit precedent, discovery against Mr. Morath and the Agency must be stayed until this court resolves their motion to dismiss on the basis of immunity.

The plaintiffs point out that the discovery they seek is relevant to claims and parties that are not subject to the stay Mr. Morath and the Texas Education Agency seek. It is unclear whether the Fifth Circuit's ruling in *Carswell* permits discovery against defendants who do not assert qualified immunity. Some courts in this circuit have suggested that discovery against a defendant not asserting qualified immunity may proceed if that discovery would not "implicat[e], and unduly burden[], the individual defendants who have raised the defense of qualified immunity." *Henderson v. Bd. of Supervisors of S. Univ. & A & M Coll.*, 2022 WL 2654978, at *4 (M.D. La. July 8, 2022). Because the plaintiffs' claims against Mr. Morath, the Agency, and the New Caney ISD are closely related and involve the same facts and events, discovery relating to the claims against the New Caney ISD would necessarily be discovery against Mr. Morath and the Agency.

The court grants the motion to stay discovery pending the resolution of the Second Motion to Dismiss.

The motion to stay discovery is **GRANTED**.

SIGNED on September 3, 2024, at Houston, Texas.

                                                  Lee H. Rosenthal
                                          United States District Judge