Case 4:24-cv-01435   Document 33   Filed on 09/11/24 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
September 11, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| T.L., Individually and a/n/f of J.T., a minor, | § § § | |
| Plaintiff, | § § | |
| v. | § | CIVIL ACTION NO. H-24-1435 |
| NEW CANEY INDEPENDENT SCHOOL DISTRICT, *et al.*, | § § § § | |
| Defendant. | § § § | |

**MEMORANDUM AND ORDER**

This case is brought on behalf of a seven-year-old child who had attended first grade at the Tavola Elementary School in the New Caney Independent School District. The parent, T.L., alleges that her son was denied a free appropriate public education, in violation of the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 *et seq*. The defendants are New Caney ISD, the Texas Education Agency, and Mike Morath, sued in his official capacity as the Commissioner of the Texas Education Agency. T.L. asserts claims against all the defendants for violations of the IDEA, the Americans with Disabilities Act, 42 U.S.C. § 12101, and the Rehabilitation Act of 1973, 29 U.S.C.A. *et seq*. (Docket Entry No. 16 at 16-18). T.L. also asserts claims against the Agency and Mr. Morath under § 1983. (*Id.* at 18). Mr. Morath and the Agency have moved to dismiss T.L.'s § 1983 claim and to stay discovery pending resolution of the motion to dismiss. (Docket Entry Nos. 23, 24). The court has granted the motion to stay. (Docket Entry No. 31).

The Agency argues that it cannot be sued under § 1983 because it is a state agency and has Eleventh Amendment immunity from suit. (Docket Entry No. 23-1 at 8). Mr. Morath argues that

he cannot be sued in his official capacity as Commissioner of the Texas Education Agency under § 1983 because he is entitled to Eleventh Amendment immunity and does not qualify as a person who can be sued under § 1983. (*Id.*). Mr. Morath argues that he cannot be sued in his individual capacity because he is entitled to qualified immunity. (*Id.*).

Mr. Morath and the Agency also move for a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure on the basis that T.L.'s remaining claims under the IDEA, ADA, and the Rehabilitation Act of 1973 are so vague and ambiguous that they are unable to prepare a response. (*Id.* at 21).

For the reasons discussed below, Mr. Morath's and the Agency's motion to dismiss T.L.'s § 1983 claim is granted. Mr. Morath's and the Agency's motion for a more definite statement as to T.L.'s claims under the IDEA, ADA, and the Rehabilitation Act of 1973 is denied.

**I.      Background**

J.T. enrolled at Tavola Elementary School in January 2023, when he was in the first grade. Shortly after starting school, J.T. had behavioral issues in the classroom, including displaying physical aggression, refusing to work, and struggling to stay on task. An administrator at Tavola Elementary recommended that J.T. be placed in the disciplinary alternative education program, which provides alternative education settings for students temporarily removed for disciplinary reasons from their regular instructional settings. After being referred to the disciplinary alternative education program, J.T. made statements about hurting himself and others. His behavioral issues escalated. J.T. received seven in-school suspensions and was again referred to the disciplinary alternative education program. Tavola Elementary did not refer J.T. for a full individual evaluation. T.L. withdrew J.T. from Tavola Elementary in April 2023.

After the second referral to attend the disciplinary alternative education program, T.L. filed a request for a due process hearing on the basis of several IDEA violations, including that the New Caney ISD did not meet its Child Find obligation to J.T.  To comply with Child Find obligations under the IDEA, a school district must identify, locate, and evaluate students with suspected disabilities within a reasonable time after the district is on notice of facts or behavior likely to indicate a disability. *See* § 612 of the IDEA, 20 U.S.C.A. § 1412(a)(3).  After the May 2023 due process hearing, the Hearing Officer found that New Caney ISD had acted appropriately in handling J.T.'s educational placement.  The hearing officer denied the relief T.L. sought.  T.L. requested a full individual evaluation for J.T. that would include a functional behavioral assessment.  New Caney ISD completed J.T.'s evaluation in October 2023.  The evaluation did not include an assessment for autism or other suspected areas of disability, which T.L. had requested.  The evaluation resulted in scores of low, below average, extremely below average, or poor in most of the areas evaluated.  New Caney ISD did not find J.T. eligible to receive for special education services.

On November 2, 2023, New Caney ISD convened an admission, review, and development committee to confirm that J.T. did not meet the eligibility criteria for special education services. On November 9, 2023, administrators at the Tavola Elementary School again referred J.T. for a disciplinary alternative education placement.  On November 14, 2023, J.T.'s advocate contacted the New Caney ISD about dates and times for a manifestation determination review, which must be convened before a school can discipline a student for more than ten days. *See* 20 U.S.C. § 1415(k)(1)(B).  The purpose of a manifestation determination review is to assess whether the student's conduct that would warrant disciplinary action was a manifestation of the student's disability or a result of the school district's failure to implement a student's individualized

3

education program properly. *Id.; Leigh Ann H. v. Riesel Indep. Sch. Dist.*, 18 F.4th 788, 800 (5th Cir. 2021). On November 27, 2023, T.K. filed a second request for a due process hearing. This request specifically named Mr. Morath and the Agency. The hearing officer dismissed Mr. Morath and the Agency. The New Caney ISD conducted the manifestation determination review hearing on December 4, 2023. J.T, T.L., and J.T.'s attorney and advocate were not present.

At some point after the hearing, the hearing officer issued a decision in favor of New Caney ISD, finding no fault or violations in its decision not to evaluate J.T. in all the areas of suspected disability that T.L. had requested. The hearing officer also found no issue with New Caney ISD's failure to review J.T.'s evaluation in an admission, review, and development committee, or with the absence of an attorney or advocate for J.T. at the manifestation determination review hearing. In April 2024, T.L. filed this suit against New Caney ISD, the Agency, and Mike Morath. (Docket Entry No. 1).

## I. The Motion to Dismiss

### A. The Applicable Legal Standard

Rule 12(b)(1) governs challenges to a federal court's subject-matter jurisdiction." FED. R. CIV. P. 12(b)(1). "Under Rule 12(b)(1), a claim is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (quotation omitted). Courts may dismiss for lack of subject-matter jurisdiction based on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Pickett v. Tex. Tech Univ. Health Scis. Ctr.*, 37 F.4th 1013, 1019 (5th Cir. 2022) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). The plaintiff bears the burden of demonstrating that

subject-matter jurisdiction exists. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). When examining a factual challenge to subject-matter jurisdiction under Rule 12(b)(1), which does not implicate the merits of a plaintiff's cause of action, the district court has substantial authority "to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Garcia v. Copenhaver, Bell & Assocs., M.D.'s P.A.*, 104 F.3d 1256, 1261 (11th Cir. 1997) (citation omitted).

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

"A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency

5

should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (alterations omitted) (quoting *Twombly*, 550 U.S. at 558).

### B. Analysis

The Texas Education Agency argues that T.L.'s § 1983 claim against it is barred by Eleventh Amendment immunity. Mr. Morath makes the same argument and also asserts the defense of qualified immunity. "Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law." *Martinez v. Texas Dep't of Crim. Just.*, 2024 WL 2786941 (S.D. Tex. Apr. 30, 2024) (citing *Nelson v. Campbell*, 541 U.S. 637, 643 (2004)). Pleading a § 1983 violation requires the plaintiff to allege facts that could prove that a person acting under the color of state law deprived the plaintiff of a constitutional right or a right provided by federal law. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). "[A] defendant acts under color of state law if he misuses or abuses his official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties." *Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir. 2002).

T.L. argues that because the § 1983 claims are "brought to redress violations of IDEA … [the Agency's] assertion of Eleventh Amendment [i]mmunity should be considered waived as to those claims." (Docket Entry No. 29 at 11). "The IDEA ensures that states provide necessary special education services to students with disabilities." *Alvarez v. Texas Educ. Agency*, 2023 WL 4418224, at *1 (5th Cir. July 10, 2023) (citing *Fry v. Napoleon Cmty. Sch.*, 580 U.S. 154, 157 (2017)). The IDEA accomplishes this goal by conditioning the receipt of federal funds on a promise that students with disabilities receive a free and appropriate public education. *Richardson Indep. Sch. Dist. v. Michael Z*, 580 F.3d 286, 292 (5th Cir. 2009).

6

The Fifth Circuit has held that IDEA violations may not support § 1983 claims. *D.A. v. Houston Indep. Sch. Dist.*, 629 F.3d 450, 456 (5th Cir. 2010). The circuit has held that "[t]he comprehensive enforcement scheme established for IDEA violations justifies the presumption that it is meant to be exclusive absent congressional intent to create additional remedies." *Id.* This is consistent with the approach taken by other circuits. *See A. W. v. Jersey City Pub. Sch.*, 486 F.3d 791, 803 (3d Cir. 2007) ("Congress did not intend § 1983 to enforce the predicate rights secured by the IDEA…."); *Blanchard v. Morton Sch. Dist.*, 509 F.3d 934, 937 (9th Cir. 2007) (holding that "the comprehensive enforcement scheme of the IDEA evidences Congress's intent to preclude a § 1983 claim for the violation of rights under the IDEA").

T.L. may not use an alleged violation of J.T.'s right to a free and appropriate public education under the IDEA as the basis for her § 1983 claims against Mr. Morath or the Texas Education Agency. T.L. has not alleged any other constitutional violation underlying her § 1983 claims. The court need not reach the question of whether Eleventh Amendment immunity or qualified immunity bar T.L.'s claims. Her § 1983 claims fail.

II.   **The Motion for a More Definite Statement**

A party may move for a more definite statement when a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." *Russell v. Watkins Ludlam Winter & Stennis, P.A.*, 181 Fed. Appx. 441, 443 n.3 (5th Cir. 2005) (quoting FED. R. CIV. P. 12(e)). A motion filed under Rule 12(e) "must point out the defects complained of and the details desired." *Id.* (quoting FED. R. CIV. P. 12(e)). "When a party moves for a more definite statement under Rule 12(e), the court is granted discretion to determine whether the complaint is so vague that the moving party cannot reasonably be required to frame a responsive pleading." *Chapman v. Dallas County Cmty. Coll. Dist.*, 2006 WL 3442057, at *4 (N.D. Tex. Nov. 29, 2006). When a

7

defendant is complaining of matters that can be clarified and developed during discovery, not matters that impede his ability to form a responsive pleading, an order directing the plaintiff to provide a more definite statement is not warranted. *Arista Records LLC v. Greubel*, 453 F. Supp.2d 961, 972 (N.D. Tex. 2006).

Mr. Morath and the Agency assert that they are unclear whether the "[p]laintiff's claim against the State Defendants is based on 42 U.S.C. § 1983, or, if in addition to the § 1983 claim, [the] [p]laintiff is making additional claims under IDEA, the ADA, and the Rehabilitation Act of 1973." (Docket Entry No. 23-1 at 24).  T.L. has clearly provided notice of her claims under IDEA, the ADA, and the Rehabilitation Act against Mr. Morath and the Agency in her first amended complaint.  (Docket Entry No. 16 at 16-18).  There is no need for a more definite statement as to the claims against Mr. Morath and the Agency.

Mr. Morath and the Agency also claim that T.L.'s claims under the IDEA, the Rehabilitation Act of 1973, and the Americans with Disabilities Act are "so vague and spar[s]e as to the State Defendants that they are unable to respond." (Docket Entry No. 23-1 at 21).  T.L. has provided sufficient detail as to the nature of her claims to enable Mr. Morath and the Texas Education Agency to respond.  T.L. alleges that Mr. Morath and the Agency have an ongoing obligation to ensure that local education agencies, such as the New Caney ISD, comply with the IDEA, the Rehabilitation Act of 1973, and the Americans with Disabilities Act. (Docket Entry No. 16 at 9). T.L. claims that Mr. Morath and the Agency have failed to ensure that the New Chaney ISD implemented the procedural safeguards under these Acts despite its obligation to do so, and that J.T.'s right to a free appropriate public education was violated as a result. (*Id.*).

Courts in this circuit have held that state educational agencies may be held liable when local educational agencies, such as the New Caney Independent School District, have failed to provide

a free and appropriate education, as required by the IDEA. *Oliver v. Dallas Indep. Sch. Dist.*, 2003 WL 22272304, at *4 (N.D. Tex. Sept. 29, 2003); *see also Wood v. Katy Indep. Sch. Dist.*, 2011 WL 4383032, at *5 (S.D. Tex. Sept. 20, 2011); *Garcia v. Morath*, 624 F. Supp. 3d 690 (W.D. Tex. 2022). T.L. has provided Mr. Morath and the Agency with sufficient detail as to her claims to allow them to frame a responsive pleading. Additional alleged facts, such as the specific nature of J.T.'s disability and which TEA policies T.L. believes violated the IDEA, can be fleshed out through the discovery process.

### III.   Conclusion

Mr. Morath and the Agency's motion to dismiss T.L.'s § 1983 claim is granted. Mr. Morath and the Agency's motion for a more definite statement as to T.L.'s claims under the IDEA, ADA, and the Rehabilitation Act of 1973 is denied.

SIGNED on September 11, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge