United States District Court
Southern District of Texas

**ENTERED**

March 24, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| T.L., INDIVIDUALLY AND A/N/F OF J.T., A MINOR, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-24-1435 |
| NEW CANEY INDEPENDENT SCHOOL DISTRICT, *et al.*, | § § § § | |
| Defendants. | § § § | |

**MEMORANDUM AND OPINION ADOPTING THE
MEMORANDUM AND RECOMMENDATION**

This civil action is a dispute over a public school district's actions with respect to an elementary school student whose mother requested a Full and Individual Initial Evaluation because she suspected that the child showed signs of autism and specific learning disabilities. The result of the Evaluation was that the child did not meet the requirements for an educational disability condition. The plaintiff then appealed to the district court, which referred the case to United States Magistrate Judge Richard W. Bennett.

The court has reviewed Judge Bennett's Memorandum and Recommendation on the motions for summary judgment filed by New Caney Independent School District and the Texas Education Agency and Mike Morath, (Docket Entry Nos. 46, 47); the third motion to dismiss filed by the Texas Education Agency and Mike Morath, (Docket Entry No. 48); and the plaintiff's motion for judgment on the administrative record against New Caney Independent School District, (Docket Entry No. 49), and made a de novo determination. *See* FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1)(C). Judge Bennett recommended granting the motion for summary judgment filed by New Caney Independent School District and the motion for summary judgment filed by the Texas

Education Agency and Mike Morath, granting in part and denying in part the motion to dismiss filed by the Texas Education Agency and Mike Morath, and denying the plaintiff's motion for judgment on the administrative record against New Caney Independent School District. (Docket Entry No. 70 at 1–2). The Texas Education Agency and Mike Morath objected to Judge Bennett's recommendation to deny the standing and ripeness grounds for dismissal raised in their third motion to dismiss. (Docket Entry No. 71). The plaintiff objected to Judge Bennett's recommendation to grant the motions for summary judgment, to grant in part the Texas Education Agency and Mike Morath's motion to dismiss, and to deny the plaintiff's motion for judgment on the administrative record. (Docket Entry No. 72).

Judge Bennett issued a lengthy and thorough Memorandum and Recommendation. He held that the School District timely evaluated the child under the IDEA's Child Find requirement; that the School District's Evaluation complied with the IDEA's evaluation requirements; that the plaintiff's argument that the School District failed to have a Board-Certified Behavior Analyst conduct a Functional Behavior Analysis and then failed to develop a Behavior Intervention Plan was both unexhausted and meritless; that the School District did not predetermine the child's ineligibility for special education services and did not fail to respond to a requested Independent Education Evaluation; that the child was not entitled to a Manifest Determination Review before being placed in a Disciplinary Alternative Education Program; that the child was not entitled to an Individual Education Plan; that the School District did not violate IDEA procedures; and that the plaintiff's claims for violations of the ADA and § 504 of the Rehabilitation Act also failed. (Docket Entry No. 70). Judge Bennett also found that the Texas Education Agency and Mike Morath were entitled to summary judgment on the claims against them. (*Id.*). The objections to these findings largely repeat the arguments that the plaintiff made before Judge Bennett, without

success.  The objections are overruled for the reasons set out in Judge Bennett's Memorandum and Recommendation and because the parties failed to identify errors in either the factual findings or the law applied.

The court finds that Judge Bennett properly considered the evidence and correctly applied the applicable law.  The Memorandum and Recommendation of Judge Bennett is adopted as this court's Memorandum and Opinion.  Final judgment is separately entered.

SIGNED on March 24, 2026, at Houston, Texas.

Lee H. Rosenthal
Senior United States District Judge